UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____
                                                                    )
JILIN FOREST INDUSTRY JINQIAO       )
FLOORING GROUP CO., LTD.,               )
                                                                    )
            Plaintiff,                                        )
                                                                    )
    v.                                                         )   Court No.: 18-00191
                                                                    )
UNITED STATES,                                        )
                                                                    )
            Defendant,                                   )
                                                                    )
_____)

# ORDER

Upon considering the defendant's motion for a stay of proceedings, it is hereby:

ORDERED that the defendant's motion is granted, and it is further

ORDERED that within 30 days following mandate in *China Mfrs. Alliance, LLC v. United States*, Appeal Nos. 2020-1159, -1210, the parties shall file a status report informing the Court of their positions regarding how the case should proceed.

_____
JUDGE

Dated: _____, 2021
       New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____
                                                                       )
JILIN FOREST INDUSTRY JINQIAO      )
FLOORING GROUP CO., LTD.,               )
                                                                       )
                        Plaintiff,                           )
                                                                       )
            v.                                                    )   Court No.: 18-00191
                                                                       )
UNITED STATES,                                       )
                                                                       )
                        Defendant,                       )
                                                                       )
_____)

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant respectfully requests that the Court stay proceedings in this matter pending a final decision by the U.S. Court of Appeals for the Federal Circuit in *China Mfrs. Alliance, LLC v. United* States, Appeal Nos. 2020-1159, -1210. Oral argument for this proceeding was held on April 5, 2021. *See id.*, ECF No. 73. We have conferred with counsel for plaintiff Jilin Forest Industry Jinqiao Flooring Group Co., Ltd. (Jilin Forest), who have indicated that they intend to oppose the motion.

The remanded issue regarding the U.S. Department of Commerce's non-market economy (NME) policy substantially overlaps with the issue before the Federal Circuit in *China Manufacturers*. In particular, *China Manufacturers* involves the issue of whether the Court erred as a matter of law when it prohibited Commerce from applying the existing China-wide antidumping duty rate to an exporter in a later administrative review when the exporter failed to show that it was independent from the Chinese government. *See* Defendant-Appellant United States Br., ECF No. 28, at 2; *see also* Corrected Response Br. of Plaintiffs-Cross-Appellants China Manufacturers Alliance, LLC and Double Coin Holdings Ltd. Br., ECF No. 44, at 3, 19-32 (challenging "whether

Commerce has the statutory authority to issue a country-wide PRC-entity antidumping rate," arguing that Commerce lacks statutory authority to issue a PRC-wide entity rate). Similarly, the Court here remanded Commerce's application of its NME policy to mandatory respondent Jilin Forest where Jilin Forest failed to show that it was independent from the Chinese government. *See Jilin Forest v. United States*, Slip Op. 21-49 at 33 (April 29, 2021). The Court held that Commerce failed to explain why its NME policy should apply to rates determined for mandatory respondents when examining a limited number of exporters and/or producers in an antidumping proceeding or identify the provisions of the statute it has construed to conclude it may assign an NME-wide rate to such a mandatory respondent. *Id.* at 29. Although the facts of each underlying proceeding are distinct, review of the U.S. government's *China Manufacturers'* brief highlights the overlapping issues before the Federal Circuit and the remand here. *See* Defendant-Appellant United States Br., ECF No.28, at 3-5 (outlining the legal framework underlying Commerce's NME policy); *see also Jilin Forest v. United States,* Slip. Op. 21-49 (April 29, 20201) at 12-35 (discussing Commerce's NME policy and the Court's holding that Commerce's assignment of the PRC-wide rate to Jilin Forest was not in accordance with law or supported by substantial evidence).

Accordingly, because the Federal Circuit is faced with the issue of whether the statute authorizes Commerce to apply a China-wide rate to an exporter that failed to demonstrate freedom from government control in an antidumping proceeding, the outcome of *China Manufacturers* will likely impact the outcome of this remand. *See Jilin Forest v. U.S.*, Slip Op. 21-49 (April 29, 2021) at n.21 (holding the opinions in *Diamond Sawblades v. U.S.*, 866 F.3d at 1304 (Fed. Cir. 2017) and *Thuan An Production Trading & Service Co. v. United States*, 396 F. Supp. 3d 1301 (Ct. Int'l Trade 2019) do not direct the result here because, in relevant part, "{n}either case resolved the question{} presented here, *i.e.*, . . . the statutory authority to apply to Jilin the China-wide rate."). Thus, we seek a stay of the remand until the conclusive judgment of *China Manufacturers*.

This Court has broad discretion to stay its own proceedings. *See Georgetown Steel Co., LLC v. United States*, 259 F. Supp. 2d 1344 (Ct. Int'l Trade 2003). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Moreover, "{i}n the exercise of a sound discretion {the court} may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Reese*, 300 U.S. 203, 216 (1937). In doing so, the Court will weigh competing interests and maintain a balance between the interests of the plaintiff, the defendant, non-parties or the public, and the Court itself. *See Georgetown Steel*, 259 F. Supp. 2d at 1346.

Thus, for example, this Court has recognized that a stay is appropriate where it "will promote the interests of judicial economy and conserve the resources of the parties as well as the court." *Union Steel Mfg. Co. v. United States,* 896 F. Supp. 2d 1330, 1336 (Ct. Int'l Trade 2013). The Court likewise has long recognized the propriety of staying cases that have similar legal issues. *See, e.g.*, *An Giang Agric. and Food Imp. Export Co. v. United States*, 350 F. Supp. 2d 1162, 1163-64 (Ct. Int'l Trade 2004).

Here, it is in both the parties' and the Court's interest, as well as the broader interests of judicial economy and efficiency to stay these proceedings pending resolution of *China Manufacturers*. Because of the significant overlap in issues between the two cases, the ruling in *China Manufacturers* is likely to have an impact on this case. Staying this case will therefore obviate the need for potentially unnecessary expenditure of judicial and party resources when the NME-policy issue is likely to be clarified by *China Manufacturers*.

Accordingly, we respectfully request that the Court stay proceedings in this matter pending a final decision by the Court in *China Manufacturers*. A proposed order staying the case is attached.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br>Rachel Bogdan<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Sonia M. Orfield<br>SONIA M. ORFIELD<br>Trial Attorney<br>U.S. Dept. of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-0534<br>E-mail: Sonia.M.Orfield@usdoj.gov |
| May 25, 2021 | Attorneys for Defendant |